**DEAN MARKETING, INC., Plaintiff,**

v.

**AOC INTERNATIONAL (U.S.A.) LIMITED, A Missouri corporation, formerly known as AOC International of America, Inc., a Missouri corporation and AOC International, jointly and severally, Defendant.**

**Civ. No. 84–CV–4158–DT.**

United States District Court,
E.D. Michigan, S.D.

May 29, 1985.

Mark D. Goodman, Utica, Mich., for plaintiff.

Joseph C. Basta, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

## OPINION & ORDER

THORNTON, District Judge.

This matter is before the Court on defendant AOC International's motion to dismiss based on improper service of process and lack of personal jurisdiction. The parties have agreed to waive oral argument and have the Court decide the motion on the pleadings filed by the parties.

## I.  BACKGROUND:

Plaintiff's cause of action arises from an alleged breach of a sales commission contract. AOC International (henceforth AOC–Taiwan) is engaged in the manufacturing and exporting of television sets from Taiwan. These products were purchased for resale within the United States by AOC International of America, Inc. (henceforth AOC–America), a Missouri corporation (prior to August 27, 1982), and by AOC International (U.S.A.) Ltd. (henceforth AOC–USA), a Missouri corporation (subsequent to August 27, 1982).

This cause of action arises from an alleged breach of a May 24, 1982 Representative Sales Agreement between plaintiff, Dean Marketing, Inc., and defendant, AOC International of America.

The present action was originally filed in Wayne County Circuit Court and removed to this Court by the defendants.

## II.  IMPROPER SERVICE OF PROCESS

Service of process was attempted by service of the summons and complaint upon Ross V. Castrianni. Mr. Castrianni is the vice president of AOC–USA, and he is not an officer or a director of AOC–Taiwan, nor is he authorized to receive process on its behalf. (Affidavit of Castrianni, ¶¶ 2 & 3).

Alternately, plaintiff argues that two representatives of AOC–Taiwan (Mr. Tu and Mr. Ho) presented business cards listing the Missouri corporation's address as a "business address."[1] Plaintiff argues that along with service of Castrianni at this address, after removal of this action, a copy of the summons and complaint filed in Wayne County Circuit Court was sent by certified mail to the Missouri address and by mail to AOC–Taiwan's Taiwan address in compliance with Mich. GCR 105.4(2) & 105.16 (presently MCR 2.105(D)(2) & 2.105(D)(4)).

After removal of the action to this Court, the state court no longer had jurisdiction of the matter. 28 U.S.C. § 1446. Furthermore, 28 U.S.C. § 1448 provides:

In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

---

1. The Court notes that plaintiff's allegations in this regard are unsupported as neither affidavits or copies of the business cards have been provided to the Court. Defendant, however, does not deny these allegations but merely claims it was only a "mailing address" for the AOC–Taiwan representatives.

■ Thus service of process must be accomplished according to federal procedure. Accordingly, plaintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a *state* court summons rather than a summons issued by *federal* court to defendant AOC–Taiwan. Accordingly, defendant AOC–Taiwan has not been properly served.

## III. LACK OF IN PERSONAM JURISDICTION

Defendant also argues that this Court has no personal jurisdiction over defendant AOC–Taiwan.

■ The plaintiff has the burden of establishing personal jurisdiction. *Welsh v. Gibbs,* 631 F.2d 436, 438 (6th Cir.1980) *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). When jurisdiction is determined by written pleadings only, the plaintiff need only present a prima facie case. *Id.* Where disputed factual issues necessitate an evidentiary hearing, plaintiff's burden is one of preponderance of the evidence. *Id.* 439. In the present case, although plaintiff claims Castrianni is vice-president of AOC–Taiwan, it has proffered no evidence by affidavit or otherwise in support of this contention.[2] Thus there exists no factual dispute which would necessitate an evidentiary hearing. Both parties implicitly acknowleged as much by their stipulation to have this matter heard on the briefs. All pleadings and affidavits must be construed in the light most favorable to the non-moving party. *Id.*

■ Michigan's long arm statutes M.C.L.A. §§ 600.711, 715; M.S.A. §§ 27A.711, 715 govern whether this court has personal jurisdiction over defendant. These statutes have been construed as extending personal jurisdiction to the due process limitations of the United States Constitution. *Kircos v. Lola Cars Ltd.,* 97 Mich.App. 379, 296 N.W.2d 32 (1980). These limitations require that jurisdiction must be consistent with "traditional notions of fair play

and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) *quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). In determining whether these criteria are satisfied, the Court must focus on "the relationship among the defendant, the forum and the litigation," *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977) and on the defendant's "minimum contacts" with the state. *International Shoe, supra.*

■ When a corporation has certain "minimum contacts" with the forum state (general personal jurisdiction) or when the controversy arises from the defendant's contacts with the forum (limited personal jurisdiction), then personal jurisdiction exists. *Helicopteros Nacionales de Colombia S.A. v. Hall,* —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

A court has general personal jurisdiction over a corporation when the corporation has significant "minimum contacts" with the state. For Michigan to exercise general jurisdiction over a foreign corporation, the corporation must have one of three relationships with the state:

(1) Incorporation under the laws of this state.

(2) Consent, to the extent authorized by the consent ...

(3) The carrying on of a continuous and systematic part of its general business within the state.

M.C.L.A. § 600.711; M.S.A. § 27A.711.

■ It is only the third of these relationships which plaintiff claims applies to the present case. However, in an affidavit unrefuted by plaintiff, Mondy Y.T. Houng, Vice President, Finance and Administration of AOC–Taiwan, states that AOC–Taiwan is a foreign corporation engaged in manufacturing and exporting television sets and has no contacts with Michigan in that (1) it has never owned, leased, or rented proper-

---

**2.** The letter from Castrianni and envelope attached to plaintiff's response do not create a factual dispute as they are consistent with Cas-

trianni's affidavit that he is vice-president of AOC–USA.

ty here; (2) it is not qualified to do business nor does it have a business license here; (3) it has no sales tax number; (4) it has never made payment of any Michigan taxes; (5) it has no Michigan residents as employees and no agent for service of process; (6) it has no office, account books or telephone listings; (7) it does no advertising or soliciting of sales nor does it receive payment for sales in Michigan; (8) it does no manufacturing or purchasing of raw materials in Michigan; and (9) it is neither a parent or subsidiary of AOC–USA or AOC–America. Furthermore, AOC–Taiwan is not a party to the contract signed between plaintiff and defendant AOC–America. Accordingly, plaintiff has failed to establish a prima facie case of the minimum contacts necessary to establish general personal jurisdiction over defendant AOC–Taiwan.

Michigan also has a long arm statute which allows limited personal jurisdiction over corporation defendants:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L.A. § 600.715; M.S.A. § 27A.715.

■ In its focus on the relationship among defendant, the forum and the litigation, the Sixth Circuit requires that three criteria must be met before proper exercise of limited "single act" type *in personam* jurisdiction:

> First, the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir.1968).

Plaintiff asserts jurisdiction based on relationships (1) and (5) of the Michigan long arm statute for limited jurisdiction.

■ With respect to the relationship of contract as discussed previously, the contract (Attachment to Plaintiff's Complaint) which is the subject matter of this action is between plaintiff and defendant AOC–America only. AOC–Taiwan confirms it has never contracted with plaintiff. (Affidavit of Mondy Y.T. Houng, ¶ 23). Plaintiff has offered no contrary proof.[3] Thus plaintiff has failed to present a prima facie case that defendant entered into a contract for services to be performed in Michigan.

■ The only remaining possible relationship significant enough to establish limited *in personam* jurisdiction is that of "the transaction of any business within the state." Plaintiff relies primarily on two events as establishing jurisdiction within this category. First, plaintiff again refers

---

**3.** Plaintiff has alleged that two representatives of AOC–Taiwan were present at a meeting in Michigan. Plaintiff further alleges that contract negotiations occurred at this meeting. Plaintiff, however, offers no evidence in the form of affidavits or other proofs in support of its contention. Moreover, defendant denies any discussion of sales commission negotiations at this meeting. Castrianni affidavit, ¶ 9.

to the visit and meeting in Michigan at which Mr. Ho and Mr. Tu, representatives of AOC–Taiwan were present. Although plaintiff offers no affidavits or other proofs of this meeting, defendant, through affidavit concedes that it occurred.[4] Thus, the first criterion is met in that defendant "availed himself of the privilege of acting in the forum state." But for limited *in personam* jurisdiction more is required. The cause of action must relate to or arise from the defendant's activities in the forum, *Helicopteros Nacionales de Colombia, supra; Southern Machine Co., supra.* The only proof before the Court demonstrates that no contract negotiations occurred at the meeting.[5] Thus as the present cause of action did not arise from the one occasion representatives of defendant were present in Michigan, the meeting cannot give rise to *in personam* jurisdiction over defendant.

Finally, plaintiff alleges personal jurisdiction because AOC–Taiwan is the manufacturer of several hundred thousand television sets purchased for resale to Michigan residents.[6] A defendant may be subject to *in personam* jurisdiction when it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). But jurisdiction based on goods placed in the stream of commerce applies only when the cause of action arises from an alleged defect in the merchandise. *Id.* 297, 100 S.Ct. at 567. As the present action does not assert any alleged defect in the merchandise, the presence of the defendant's prod-

ucts in the forum state is insufficient to confer *in personam* jurisdiction over defendant AOC–Taiwan.

Plaintiff has failed to present a prima facie case of *in personam* jurisdiction over defendant AOC–Taiwan. Therefore, defendant AOC International's motion to dismiss for lack of service of process and lack of *in personam* jurisdiction is GRANTED and AOC International is DISMISSED from this action.

SO ORDERED.

---

4. *See* note 3, *supra,* and note 5, *infra.*

5. Castrianni affidavit, ¶ 9 states:
   In January, 1983, a meeting occurred in Michigan, involving, among others, Ed Dean, Ross V. Castrianni, Edward Herald, Charles M. Tu, and Richard Ho. At the time of that meeting, Messrs. Tu and Ho were employees of AOC–Taiwan. Mr. Herald was an employee of AOC–USA. The meeting was only one of several stops on a tour of the United States attended by Messrs. Tu and Ho in order to familiarize AOC–Taiwan with American consumer demands and recurring AOC–Taiwan

product defects. The payment of sales commissions to the plaintiff was not discussed or negotiated at any time during the meeting between [sic] Messrs. Dean Castrianni, Herald and Tu.

6. The Court notes that the presence of defendant's products in Michigan for resale purposes is to be distinguished from the claim that defendant carries on a continuous although limited part of its business in this state. As previously stated, *supra,* AOC–Taiwan makes no sales in Michigan.