**PREFERRED HEATING & AIR CONDITIONING CO., INC.,**
**Petitioner,**

**v.**

**Carrol SHELBY, d/b/a Shelby American Management Co.,**
**Respondent.**

**No. C–8807.**

Supreme Court of Texas.

Oct. 4, 1989.

Rehearing Denied Nov. 8, 1989.

D. Woodard Glenn, Blair G. Francis, Dallas, for petitioner.

Charles Michael Gray, John C. Hart, Dallas, for respondent.

PER CURIAM.

Petitioner Preferred Heating & Air Conditioning Co. Inc. (Preferred), a construction subcontractor, brought suit against the premises owner, Carrol Shelby, doing business as Shelby American Management Co. (Shelby), on Shelby's alleged oral promise to pay Preferred if it installed certain equipment. The trial court rendered judgment on the verdict for Preferred, awarding Preferred $49,003 as compensation for breach of the agreement. In an unpublished opinion, the court of appeals reversed and rendered judgment for Shelby. The appellate court concluded that the evidence was factually and legally sufficient to support the finding of an agreement, but that there was no probative evidence to support the jury's damages award of $49,003, and no evidence to support the existence of any damages suffered by Preferred as a result of Shelby's breach of the agreement. Because we conclude that there was

"some evidence" to show damages by Preferred, and to support the jury's award, we reverse and remand to the court of appeals.

The record shows that Shelby hired Adrian Construction Co., the general contractor, to erect a building on Shelby's premises. Adrian in turn subcontracted with Preferred for approximately $76,000. Preferred delivered a substantial amount of the equipment and work called for in the first phase of the building, including four large heating & air conditioning units. The building, however, was not sufficiently complete at that point to allow installation of this equipment. In the meantime, Preferred invoiced Adrian, who in turn invoiced Shelby. Shelby paid Adrian, less a 10% retainage, but Adrian did not in turn pay Preferred. As a result, Preferred halted work and refused to install the equipment. Preferred eventually went to the site prepared to pick up the equipment, but was prevented from doing so by an armed guard hired by Shelby's general manager. According to Preferred's testimony, a series of conversations between Shelby's manager and Preferred resulted in Shelby's promise to pay Preferred "for that equipment direct if we would set it." Preferred's witness also testified that Preferred had billed approximately $50,000 for the equipment. More specifically, the record shows that Preferred had issued two invoices to Adrian, for $46,800 and $11,250 respectively. The second of these was dated the same day as Preferred's unsuccessful attempt to take back the equipment. The testimony further indicated that Shelby had paid Preferred $9,047 as a partial payment before Preferred started work, and that Shelby's manager made assurances that Preferred would be paid the rest of the $50,000 shortly. The record also contains descriptions of the equipment itself and of the work involved in setting it in place. Preferred asserts that at the time Shelby promised to pay Preferred directly, Shelby knew of the amounts invoiced by Preferred because Adrian's draws to Shelby included these amounts, and Shelby had in fact claimed that Shelby had already paid for the equipment. Preferred also asserts that the invoices provided a standard by which the price term in the oral agreement could be determined.

It is well established that an appellate court, in considering a "no evidence" point, must consider only evidence tending to support the jury's finding and disregard all evidence and inferences to the contrary. *See Alm v. Aluminum Co. of America,* 717 S.W.2d 588 (Tex.1986), and *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). The evidence, and the reasonable inferences therefrom, are to be viewed in the light most favorable to the findings. *Tomlinson v. Jones,* 677 S.W.2d 490, 492 (1984). Under this standard, we conclude that there was some evidence to support the jury's award, and to show the existence of damages suffered by Preferred as a result of Shelby's breach of the agreement.

A majority of the court, without hearing oral argument, therefore reverses the decision of the appellate court as in conflict with our decisions in *Alm, Tomlinson, & Garza.* *See* Tex.R.App.P. 133(b). We remand to the court of appeals for consideration of points which were left unaddressed in its original opinion. *See Coulson v. Lake L.B.J. Municipal Utility Dist.,* 734 S.W.2d 649 (Tex.1987).