**Raymond VAN PELT, Appellant,**

v.

**BEST WORKOVER, INC., Appellee.**

**No. 08–89–00256–CV.**

Court of Appeals of Texas,
El Paso.

Aug. 15, 1990.

Rehearing Overruled Oct. 24, 1990.

Dale Harvill, Patrice M. Barron, Houston, for appellant.

Chris A. Lorenzen, Jr., Kathleen Hopkins Alsina, Crain, Caton & James, Houston, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from an order sustaining a plea to the jurisdiction of the court by a Louisiana corporation in a suit filed by a Texas resident for injuries sustained while working on a rig in navigable waters off the coast of Louisiana. We affirm.

Best Workover, Inc. is a Louisiana corporation with its office in Houma, Louisiana. The Appellant acknowledges that Appellee has no shareholders, bank accounts, leases, real property, loans or stock in Texas. In its findings, the trial court found that Best does not advertise in any Texas or national publication and that it did not recruit Van Pelt in Texas. It found Best maintained a Houston, Texas phone number, with a listing in both the white and yellow pages which was to the company office in Houma. The court also found that Van Pelt received his paychecks at his home in Texas. In the Conclusions of Law, the court determined that the cause of action does not arise out of or relate to any contact which Best may have had in the State of Texas and that the court could not exercise specific in personam jurisdiction over Best. It also decided that Best has insufficient minimum contacts with the State of Texas for the court to exercise general in personam jurisdiction over it.

■ The Appellant, by six points of error, asserts the trial court erred in its Findings and Conclusions on both specific personal jurisdiction and general personal jurisdiction. Jurisdiction does exist if the defendant has established minimum contacts with the forum state and if the assertion of jurisdiction comports with fair play and substantial justice. *Schlobohm v. Schapiro*, 784 S.W.2d 355 (Tex.1990). Where the activities of a defendant in a forum are isolated or disjointed, jurisdiction is proper if the cause of action arises from a particular activity. In such a case, jurisdiction is said to be specific. And, where the defendant's activities in the forum are continuing and systematic, jurisdiction may be proper without a relationship between the defendant's particular act and the cause of action. In this type case, jurisdiction is said to be general. *Id.* When general jurisdiction is alleged, the minimum contacts inquiry requires a showing of substantial activities in the forum state. *Id.*

## SPECIFIC PERSONAL JURISDICTION

■ We first consider those points of error which deal with the issue of specific personal jurisdiction. The Due Process Clause protects parties from a judgment of a forum with which the party has established no meaningful "contacts, ties, or relations." *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). For a forum to assert specific jurisdiction over an out-of-state defendant, that party must have purposefully directed its activities at residents of the forum and the alleged injuries must arise out of or relate to those activities. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

To ensure compliance with those federal constitutional standards, Texas has identified specific requirements necessary to establish specific jurisdiction. In *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex. 1966), the Court, following a decision by the Supreme Court of Washington, said that the three basic factors necessary to obtain jurisdiction over a nonresident corporation are:

(1) The nonresident defendant or foreign corporation must purposefully do some

act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

This test is still being applied by Texas courts. *Schlobohm v. Schapiro*, 784 S.W.2d 355 at 358 (Tex.1990).

■ The Appellant takes the position that he was recruited for work by the foreign corporation in Texas and that under the provisions of Tex.Civ.Prac. & Rem. Code sec. 17.042 (Vernon 1986), Best was doing business in Texas and is subject to the jurisdiction of Texas courts. The trial court made an express finding that Van Pelt was not recruited in Texas. Appellant attacks that finding and relies upon the testimony that phone calls were made to Van Pelt with regard to his services in Louisiana. Best asserts the calls were made not to recruit but to advise Van Pelt when to report to work. The trial judge as finder of fact is the sole judge of the credibility of witnesses and may accept or reject any or all of the testimony of witnesses and particularly that of parties who have the greatest interest in the litigation. *Transfer Products, Inc. v. Texpar Energy, Inc.*, 788 S.W.2d 713 (Tex.App.—Corpus Christi 1990, no writ). On appeal, the evidence, and the reasonable inferences therefrom, are to be viewed in the light most favorable to the findings. *Preferred Heating & Air Conditioning Co., Inc. v. Shelby*, 778 S.W.2d 67 (Tex.1989).

In this case, even if we disregard the trial court's finding and hold that as a matter of law Van Pelt was recruited in Texas, the evidence does not meet the second requirement set forth in the *O'Brien* case. The recruitment in Texas is not alone sufficient. The cause of action must arise from or be connected with that act of recruitment. This suit is not for a breach of an employment contract made in a phone call to Texas. Van Pelt does not contend he was not paid as agreed in any recruitment call to Texas. The cause of action in this case results from injuries sustained when a rig tipped over and arises out of the alleged negligence of those performing certain tasks on the date of the accident, not the employment of crew members at an earlier date.

Appellant relies upon the holding in *Garcia v. Vasquez*, 524 F.Supp. 40 (S.D.Tex. 1981). That case involved a phone call to Texas by a North Carolina employer to recruit farm laborers. But, in that case suit did involve wages, housing and hours of employment and arose out of the act of recruitment in Texas. *Ramm v. Rowland*, 658 F.Supp. 705 (S.D.Tex.1987) involved a claim for alienation of affection and arose out of phone calls to Texas which could cause a "tortious injury in Texas." *Riggs v. Coplon*, 636 S.W.2d 750 (Tex.App.—El Paso 1982, writ ref'd n.r.e) involved a California judgment against a Texas resident and suit arose from phone calls to California which resulted in Coplon being fired from her job in California. Those cases are not controlling. They do not arise from some subsequent negligence of a nonresident defendant, but directly from the phone calls by the nonresident defendant to the forum state. We concluded that the trial court did not have specific personal jurisdiction of Best Workover, Inc. Points of Error One, Two and Three are overruled.

## GENERAL PERSONAL JURISDICTION

■ Courts of a particular forum may exercise general jurisdiction over a nonresident where that party's activities in the forum are continuing and systematic, and in such a case jurisdiction may be proper without a relationship between those activities and the cause of action being asserted. *Schlobohm v. Schapiro*, 784 S.W.2d 355 (Tex.1990), *Zac Smith & Company, Inc. v. Otis Elevator Company*, 734 S.W.2d 662 (Tex.1987). The Appellant relies primarily upon the fact that Best had a telephone listing in Houston. In addition, Best

bought some supplies in Texas and did mail paychecks to Texas. Those facts were found by the trial court. With regard to the denial of certain findings, we again note the trial court alone had the responsibility to pass on the credibility of the witnesses.

The principal obstacle to the Appellant is the decision in *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In that case, the Court held that the evidence did not reflect contacts of a "continuous and systematic" nature. In that case a contract had been negotiated in Houston, substantial purchases were made in Texas, management and maintenance personnel visited Fort Worth for technical consultation and prospective pilots were sent to Fort Worth for training. The Court rejected each of those acts as being sufficient to subject the foreign corporation to the jurisdiction of a Texas court.

Appellant relies upon the holding in *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434 (Tex.1982). In that case, the Court said, "Villa's decision to advertise in Texas telephone directories, in and of itself, is a sufficiently purposeful act that is done in Texas." But, the Court also relied upon the fact that Villa advertised in national publications which were circulated in Texas, ran ads in three Texas telephone directories and mailed informational packets, applications for admission and enrollment contracts to Texas residents. In our case, Best Workover, Inc. had a telephone listing in a Houston phone book. In *Wood Manufacturing Company, Inc. v. Schultz,* 613 F.Supp. 878 (D.Ark.1985), the Court concluded that a listing in the yellow pages did not make a prima facie showing of personal jurisdiction. If a mere listing in the yellow pages is advertising, many lawyers were advertising long before that right was finally recognized by court decision. Even today most members of the bar would proclaim that they are opposed to advertising, yet nearly all are listed in the yellow pages even though they do not have ads which reflect a specialized type of practice or solicit some type of practice. Even the use of that Houston telephone number would in

itself not be sufficient. In *Stuart v. Spademan,* 772 F.2d 1185 (5th Cir.1985), the Court said, "Further, we have held that an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws." (Cases cited). The Court in that case also concluded that making payments in the forum state would not permit jurisdiction over a nonresident.

The final step in the due process inquiry is whether subjecting a nonresident to jurisdiction in the forum offends traditional notions of fair play and substantial justice, the nature and extent of the activity in the forum state, the convenience of the parties and protection of the laws of the forum. In this case, Van Pelt filed suit to invoke the General Maritime Law and the Jones Act of the United States to recover for personal injuries alleged to have been caused by Best Workover, Inc. The accident occurred off the shore of Louisiana. Best maintains insurance coverage to protect its employees. All claims can be maintained in Louisiana courts, and Texas has no meaningful interest in such litigation except to know its resident has a forum to determine his claim. We agree with the trial court that it did not have general personal jurisdiction. Points of Error Four, Five and Six are overruled.

The Order of the trial court is affirmed.