**Chris BUDDENSICK, Plaintiff and Appellant,**

v.

**STATELINE HOTEL, INC., dba Stateline Hotel and Casino; and Does I–X, Defendants and Appellees.**

No. 981052–CA

Court of Appeals of Utah.

Dec. 24, 1998.

Michael A. Katz and Deven J. Coggins, Murray, for Appellant.

Joseph E. Minnock, Stephen G. Morgan, Cynthia K.C. Meyer, Salt Lake City, for Appellees.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

BILLINGS, Judge:

Chris Buddensick (Buddensick) appeals from an order dismissing her complaint against Stateline Hotel, Inc. (Stateline), a Nevada corporation, for lack of personal jurisdiction. Based on the undisputed facts before the trial court, we conclude that Utah has general personal jurisdiction over Stateline and thus reverse and remand.

## BACKGROUND

Buddensick was injured when she slipped and fell while standing in line at Stateline's casino buffet restaurant located in Wendover, Nevada. She subsequently filed a complaint in the Third Judicial District Court of Salt Lake County. Stateline filed a Motion to Dismiss the Complaint based on lack of personal jurisdiction. The trial judge granted Buddensick's request that a hearing on the motion to dismiss take place after discovery had been completed on the issue of Stateline's contacts with Utah.

Discovery revealed that Stateline: advertises its hotel and casino in Utah; contracts for goods and services in Utah; uses a Utah insurance agent and a Utah law firm; leases from Stateline Properties at least five parcels of property in Utah, two of which are used for a parking lot, parking structure, and signage purposes directly adjacent to Stateline's hotel and casino business in Nevada; maintains at least two post office boxes in Utah, one of which Stateline shares with Stateline Properties; and has a Utah cellular telephone number, regular telephone number, and six Utah fax numbers.

On September 15, 1997, a hearing was held on Stateline's Motion to Dismiss. After the hearing, the trial judge entered an order dismissing Buddensick's complaint for lack of general or specific personal jurisdiction. Buddensick now appeals.

## ANALYSIS

■ "Where, [as here,] a pre-trial jurisdictional decision has been made on documentary evidence only," and that decision did not involve the trial court's resolution of conflicting facts, "an appeal from that decision presents only legal questions that are reviewed for correctness." *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1121 (Utah 1992); *see Anderson v. American Soc'y of Plastic and Reconstructive Surgeons*, 807 P.2d 825, 827 (Utah 1990).

### General Personal Jurisdiction

Buddensick contends the trial court erred in dismissing her complaint because she established that the court had both general and specific personal jurisdiction over Stateline. We agree that the court erred in determining it did not have general jurisdiction over Stateline, and thus do not reach her alternative argument.

As early as 1953, the Utah Supreme Court addressed the conditions under which a foreign corporation was "doing business" in Utah so as to be amenable to suit for any purpose in Utah's courts. In *McGriff v. Charles Antell, Inc.*, 123 Utah 166, 169–70, 256 P.2d 703, 704–05 (1953), our supreme court held that advertising in Utah, plus "something else," could constitute a presence in Utah sufficient to confer general personal jurisdiction over a foreign defendant.

> In determining whether a foreign corporation is doing business in a state for jurisdictional purposes, each case factually must be examined as it arises. A hard and fast formula cannot determine algebraically every case. Common sense must dictate the result.... The test goes to the "something else." Somewhere a line is to be drawn and the courts judiciously must mark it. To date the pattern, which in a changing world is ever changing, excludes solicitation alone as justifying jurisdiction conferred. Beyond such solicitation the activity to confer jurisdiction must be of sufficient substance and of such scope and variety as would lead a court of last resort to conclude that immunization of the foreign corporation against the power of our forum would be unrealistic, unreasonable and a vehicle for oppressing or meting out injustice to our local citizens.

*Id.* at 204–05, 256 P.2d 703 (footnote omitted).

More recently, in *Arguello*, 838 P.2d at 1122, the supreme court noted, "[g]eneral personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted. For such jurisdiction to exist, the defendant must be conducting substantial and continuous local activity in the forum state."

A survey of a wide range of case law reveals that when other federal and state courts have been confronted with a claim to assert general personal jurisdiction,[1] they consider certain factors in evaluating the claim. We have distilled the following relevant factors:

■ Whether the corporate defendant is

1. engaged in business in this state;
2. licensed to do business in this state;
3. owning, leasing, or controlling property (real or personal) or assets in this state;
4. maintaining employees, offices, agents, or bank accounts in this state;
5. present in that shareholders reside in this state;
6. maintaining phone or fax listings within this state;
7. advertising or soliciting business in this state;

---

1. *See, e.g., Allred v. Moore & Peterson*, 117 F.3d 278, 281–82 (5th Cir.1997), *cert. denied,* ── U.S. ──, 118 S.Ct. 691, 139 L.Ed.2d 637 (1998); *Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 465 (6th Cir.1989); *City of El Paso v. Carlos Salas–Porras Soule*, 991 F.Supp. 812, 817–18 (W.D.Tex.1998); *Zumbro, Inc. v. California Nat'l Prod.*, 861 F.Supp. 773, 776 (D.Minn.1994); *Wims v. Beach Terrace Motor Inn*, 759 F.Supp. 264, 269–70 (E.D.Pa.1991); *Dean Mktg., Inc. v. AOC Int'l, Ltd.*, 610 F.Supp. 149, 152–53 (E.D.Mich.1985); *Nelligan v. Johns–Manville Sales Corp.*, 530 F.Supp. 654, 656–57 (E.D.Mich. 1982); *National Indus. Sand Ass'n v. Honorable Jay Gibson*, 897 S.W.2d 769, 772–73 (Tex.1995); *Van Pelt v. Best Workover, Inc.*, 798 S.W.2d 14, 15–16 (Tex.Ct.App.1990).

8. traveling to this state by way of salespersons, etc.;

9. paying taxes in this state;

10. visiting potential customers in this state;

11. recruiting employees in the state;

12. generating a substantial percentage of its national sales through revenue generated from in-state customers.

In addition to these cases, Buddensick relies on several cases she asserts have found general personal jurisdiction based on promotional activities in a state. Although we need not rely on Stateline's promotional activities alone in concluding that the assertion of general personal jurisdiction is proper, these cases are helpful in demonstrating that, when a foreign corporation specifically targets citizens of another state, the corporation can reasonably be expected to have to defend itself in that forum. *See Weintraub v. Walt Disney World,* 825 F.Supp. 717, 720–21 (E.D.Pa.1993); *Boone v. Sulphur Creek Resort, Inc.,* 749 F.Supp. 195, 199–200 (S.D.Ind. 1990).

■ For the following reasons, we conclude that Stateline's activities are "substantial and continuous" such that Utah may assert general personal jurisdiction over Stateline. First, Stateline conducts extensive advertising and promotional activities in Utah, including a toll-free telephone number. Next, Stateline leases and possesses at least five parcels of real property in Utah,[2] includ-

ing property neighboring its casino for a parking lot and signage purposes. Further, Stateline contracts for goods and services with Utah corporations, including food, linens, advertisements, and professional services. Lastly, Stateline maintains two phone numbers, at least two post office boxes, and six fax numbers in Utah. Thus, it is not unreasonable for Stateline to be expected to be "hauled into court" in Utah. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–99, 100 S.Ct. 559, 564–67, 62 L.Ed.2d 490 (1980).

## CONCLUSION

We conclude that the sum of Stateline's activities in Utah are "substantial and continuous," such that Utah's courts may assert general personal jurisdiction over Stateline. We therefore reverse the trial court and remand for proceedings consistent with this decision.

RUSSELL W. BENCH, Judge, concurs.

GREGORY K. ORME, Judge, concurs in the result.

2. Discovery revealed the following agreements:

(a) An August 1, 1996, lease covering "certain real property" in Tooele County, Utah between Stateline Properties, Inc. and Stateline Properties, Ltd. (Utah corporations) as lessors and Stateline Hotel, Inc. (the Nevada corporation and defendant in this case) as lessee;

(b) A lease and extension thereof covering a duplex property in Wendover, Utah between Stateline Properties (Utah corporation) as lessor and Stateline Hotel (Nevada corporation) as lessee for $800 per month;

(c) A lease and extension thereof covering two warehouse buildings in Wendover, Utah between Stateline Properties (Utah corporation) as lessor and Stateline Hotel (Nevada corporation) as lessee for $2,250 per month;

(d) A lease covering a parking structure in Wendover, Utah between Stateline Properties (Utah corporation) as lessor and Stateline Hotel (Nevada corporation) as lessee;

(e) A lease describing a "0.8" acre lot (Lot 1, Block 26, Wendover Plat "A") between Stateline Properties, Inc. (Utah corporation) as lessor and Stateline Hotel (Nevada corporation) as lessee for between $1200 to $2500 per month (used for parking lots, a parking structure, and signage); and

(f) A lease covering Building # 406 at Decker Field, Wendover, Utah between the City of Wendover, Utah as lessor and Stateline Hotel as lessee which Stateline lists as used for "storage space."