2001 UT 63

**Nga Tuyet Thi HO, Plaintiff and Appellant,**

v.

**JIM'S ENTERPRISES, INC., dba Silver Smith Casino & Resort, Defendant and Appellee.**

**No. 20000023.**

Supreme Court of Utah.

July 27, 2001.

Vinh K. Ly, Salt Lake City, for plaintiff.

Cynthia K.C. Meyer, Jeffrey C. Miner, Salt Lake City, for defendant.

DURHAM, Justice:

¶ 1 Plaintiff Nga Tuyet Thi Ho appeals the district court's dismissal of her tort action against defendant[1] Jim's Enterprises, Inc., dba Silver Smith Casino & Resort ("Silver Smith"), for lack of jurisdiction. Ms. Ho sued defendant for personal injuries she al-

---

1. The complaint also lists as defendants John Does one through ten.

legedly suffered while visiting Silver Smith in Wendover, Nevada. We reverse.

## BACKGROUND

¶ 2 On appeal from a motion to dismiss, we review the facts as they are alleged in the complaint. *Lowe v. Sorenson Research Co.*, 779 P.2d 668, 669 (Utah 1989). We "accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Prows v. State*, 822 P.2d 764, 766 (Utah 1991) (citing *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)).

¶ 3 In September 1998, Ms. Ho was a patron of Silver Smith. While Ms. Ho was waiting for an available spot to play, a waitress collided with her, striking her back with a serving tray full of drinks. As a result of the accident, Ms. Ho suffered personal injuries that require on-going medical care and treatment.

¶ 4 On July 9, 1999, Ms. Ho filed a complaint alleging breach of duty of care, negligence, res ipsa loquitur, and bad faith. In the complaint, Ms. Ho alleged the Utah court had jurisdiction based on subsection (1) and (4) of section 78–27–24 of the Utah Code. In particular, Ms. Ho alleged that defendant advertises for customers in Utah by means of telephone directories, radio, newspapers and/or billboard signs throughout the state. Ms. Ho further alleged that defendant owns, uses or possesses real estate in Utah.

¶ 5 Defendant filed a motion to dismiss pursuant to rule 12(b)(2) of the Utah Rules of Civil Procedure, claiming Utah lacks general and specific personal jurisdiction over defendant.[2] The trial court granted the motion to dismiss without indicating whether it had relied on any of the evidence outside the pleadings. Ms. Ho filed a motion to reconsider[3] on the ground that her counsel had recently discovered a significant case on point, *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928 (Utah Ct.App.1998), *aff'd*, 982 P.2d 88 (Utah 1999), which reversed the trial court's dismissal of plaintiff's personal injury action and found general personal jurisdiction over Stateline Hotel and Casino ("Stateline"), a Nevada corporation. *Buddensick* was based on the following facts: Stateline conducted extensive advertising and promotional activities in Utah; it leased or possessed at least five parcels of real property in Utah; it contracted for goods and services with Utah corporations; and it maintained two phone numbers, two post office boxes, and six fax numbers in Utah. *Id.* at 931. Ms. Ho argued that the facts and issues in *Buddensick* are parallel to those in this case, and asked the court to reconsider based on the *Buddensick* precedent.[4] The trial court denied the motion to reconsider, and this appeal followed.

## STANDARD OF REVIEW[5]

¶ 6 "Because the propriety of a 12(b)(2) dismissal is a question of law, we

---

2. With its motion, defendant submitted the affidavit of Linda Sweat, executive director of administration for Silver Smith. Attached to her reply brief, Ms. Ho submitted her own affidavit, an English-language advertisement for Silver Smith appearing in a Vietnamese newspaper, and an advertisement for Silver Smith in a local phone directory that provides a toll free number.

3. Ms. Ho submitted eight attachments with her motion to reconsider, including a copy of *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928 (Utah Ct.App.1998), *aff'd*, 982 P.2d 88 (Utah 1999), and four Vietnamese-language advertisements for Silver Smith appearing in two Vietnamese newspapers in Utah.

4. Furthermore, Ms. Ho alleged that, given the striking similarity of activities conducted in Utah by Stateline and Silver Smith, there is a "question whether these two entities may be one in

unity in interest." For example, Ms. Ho noted that although the same counsel who had represented Stateline in the *Buddensick* matter was representing Silver Smith in this case, he failed to inform the court or Ms. Ho of the *Buddensick* opinion.

5. In her brief to this court, Ms. Ho urges us to adopt a summary judgment standard of review. Although both parties presented documentary evidence of jurisdiction to the trial court, it is not clear whether the trial court considered any of this evidence because it did not make findings of fact or disclose the basis for finding plaintiff's complaint defective. When dealing with a motion to dismiss, the decision to consider matters outside the pleadings initially lies in the discretion of the trial court. *Strand v. Assoc. Students of Univ. of Utah*, 561 P.2d 191, 193 (Utah 1977). The trial court here apparently did

give the trial court's ruling no deference and review it under a correctness standard." *St. Benedict's*, 811 P.2d at 196. "In determining whether the trial court properly granted [defendant's] motion [to dismiss] we must 'accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff.'" *Prows*, 822 P.2d at 766 (citing *St. Benedict's*, 811 P.2d at 196). Furthermore, "if there is any doubt about whether a claim should be dismissed for lack of factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof."[6] *Colman v. Utah State Land Bd*, 795 P.2d 622, 624 (Utah 1990) (citing *Baur v. Pac. Fin. Corp.*, 14 Utah 2d 283, 284, 383 P.2d 397, 397 (1963)).

## ANALYSIS

¶ 7 This court has held that "general personal jurisdiction permits a court to exercise power over a defendant without regard to the subject of the claim asserted." *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). For general personal jurisdiction to exist, "the defendant must be conducting substantial and continuous local activity in the forum state." *Id.* When dealing with nonresident defendants, Utah's Long Arm Statute provides in relevant part:

Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to: (1) the transaction of any business within

this state ... (4) the ownership, use, or possession of any real estate situated in this state....

Utah Code Ann. § 78–27–24(1), (4) (1996).

¶ 8 In determining whether a foreign corporation is doing business in a state for jurisdictional purposes, each case must be factually examined as it arises. *McGriff v. Charles Antell Inc.*, 123 Utah 166, 169–170, 256 P.2d 703, 704 (1953). We have held that courts should consider several factors, "none of which is alone the sine qua non to establish a business presence in the State...." *Hill v. Zale Corp.*, 25 Utah 2d 357, 360, 482 P.2d 332, 334 (1971). The list of factors includes, but is not limited to the following:

1. Whether there are local offices, stores or outlets;

2. The presence of personnel, how hired, fired and paid; the degree of control and nature of their duties;

3. The manner of holding out to the public by way of advertising, telephone listings, catalogs, etc.;

4. The presence of its property, real or personal or interest therein, including inventories, bank accounts, etc.;

5. Whether activities are sporadic or transitory as compared to continuous and systematic;

6. The extent to which the alleged facts of the asserted claim arose from activities within the state;

7. The relative hardship or convenience to the parties in being required to litigate the controversy in the state or elsewhere.

*Id.* We note that the factors set forth in *Hill* are analogous to the more extensive list de-

---

not consider the evidence presented to it by way of attachments to the parties' motions, and therefore decided this case on the pleadings. On appeal, we do not allow a moving party to convert a rule 12 motion to dismiss to a rule 56 motion for summary judgment. *Colman v. Utah State Land Bd.*, 795 P.2d 622, 625 (Utah 1990). Accordingly, we review only the material allegations in Ms. Ho's complaint, and not the evidence submitted outside of the pleadings. *Educators Mut. Ins. Ass'n v. Allied Prop. & Cas. Ins. Co.*, 890 P.2d 1029, 1029 (Utah 1995).

**6.** The rationale for this principle is underscored by the scope of the evidence proffered by Ms. Ho on appeal, including: (1) six advertisements for

Asian festivals sponsored by Silver Smith which only publicize Asian performers, as well as an Asian buffet; (2) evidence that Silver Smith in fact uses extensive property in Utah including parking lots, maintenance and storage shops, warehouses, various apartments, as well as a motel and a duplex; and (3) evidence that Silver Smith, in conjunction with Stateline, has established ticket offices in at least eight Vietnamese supermarkets in Salt Lake City, Utah. This evidence is entirely irrelevant to our consideration of the sufficiency of the complaint under rule 12, of course. It may well support amendments to plaintiff's complaint after remand, however.

veloped by the Utah Court of Appeals in *Buddensick*[7] and we take this opportunity to confirm the principles set forth in that case. 972 P.2d 928 (Utah Ct.App.1998), *aff'd,* 982 P.2d 88 (Utah 1999).

■ ¶ 9 Applying these factors to this case, we turn to the allegations of Ms. Ho's complaint to determine whether she has alleged sufficient substantial and continuous local activity by Silver Smith to assert general personal jurisdiction. Regarding jurisdiction, Ms. Ho alleges the following in her complaint:

> The Court has jurisdiction over Silver Smith as provided by UCA 78–27–24(1) [transaction of business in Utah where Silver Smith advertises for customers like the plaintiff by means of telephone directories, radios, newspapers, and or bill board signs throughout Utah], UCA 78–27–24(4)[ownership, use or possession of certain real estate in Utah]. The acts and or omissions of Defendants giving rise to the controversy mentioned herein transpired within the State of Utah.

Complaint ¶ 3. We find that Ms. Ho's complaint sufficiently alleges the existence of factors set forth in both *Hill* and *Buddensick.* These include: (1) maintaining phone or fax listings within this state; (2) advertising or soliciting business in this state; (3) owning, leasing, or controlling property (real or personal) or assets in this state; and (4) engaging in business in this state. In con-

junction, these factors reasonably allege that Silver Smith is doing business in Utah. Accordingly, we conclude Ms. Ho's complaint sufficiently alleges substantial and continuous local activity by Silver Smith in Utah to invoke general personal jurisdiction and to avoid a motion to dismiss on the pleadings. Because the complaint is adequate to support general personal jurisdiction, we need not address the issue of specific personal jurisdiction.[8]

## CONCLUSION

¶ 10 The allegations in Ms. Ho's complaint allege sufficient facts to support general personal jurisdiction over Silver Smith by the state of Utah. The trial court erred in granting defendants' motion to dismiss. We reverse and remand.

¶ 11 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURRANT, and Justice WILKINS concur in Justice DURHAM'S opinion.

---

7. In *Buddensick,* the court considered whether the corporate defendant is: (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property (real or personal) or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) present in that shareholders reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons, etc.; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in this state; and (12) generating a substantial percentage of its national sales through revenue generated from in-state customers. *Buddensick,* 972 P.2d at 930–31.

8. As a final note, Ms. Ho alleged in her motion to reconsider that Stateline and Silver Smith might share common ownership and interest. In fact, with her briefs to this court Ms. Ho submitted the list of officers, directors, and agents for both

Stateline and Silver Smith. These documents suggest that Mr. James W. Smith is both President of Jim's Enterprises, Inc. and Vice–President of Stateline Hotel, Inc. Ms. Ho also submitted a copy of the letterhead for a Utah limited partnership named Stateline Properties, Ltd., which displays the logos of both Stateline and Silver Smith, and lists an address in downtown Salt Lake City, Utah. Furthermore, it appears that Stateline and Silver Smith share, among other things, phone and fax numbers, an insurance policy, a personnel office, and a computer network. Although the issue of collateral estoppel is now moot, given our ruling in this case, it appears that had Ms. Ho been allowed to conduct full discovery below, Silver Smith might possibly have been judicially estopped from asserting a general jurisdiction defense in this case given *Buddensick*'s disposition of that issue as it relates to Stateline, and this appeal could have been avoided.