Celia ANDERSON, Plaintiff
and Appellant,

v.

AMERICAN SOCIETY OF PLASTIC
AND RECONSTRUCTIVE SURGEONS,
Dr. Robert Goldwyn, Broadbent &
Woolf, Inc., a Utah corporation, Robert
M. Woolf, individually, and Dow Corn-
ing Corporation, Defendants and Ap-
pellees.

No. 870421.

Supreme Court of Utah.

Nov. 15, 1990.

Rehearing Denied Feb. 6, 1991.

Daniel F. Bertch, Robert J. DeBry, Salt
Lake City, for Celia Anderson.

P. Keith Nelson, Salt Lake City, for Bro-
adbent & Woolf and Robert M. Woolf.

Ray R. Christensen, Salt Lake City, for
Dow Corning Corp.

Michael E. Reed, Diane M. Kehl, Chica-
go, Ill., and Elliott J. Williams, Larry R.
Laycock, Salt Lake City, for American Soci-

ety of Plastic and Reconstructive Surgeons and Dr. Goldwyn.

DURHAM, Justice:

Plaintiff Celia Anderson ("Anderson") appeals the dismissal of her complaint against defendants American Society of Plastic and Reconstructive Surgeons, Inc. ("ASPRS"), and Dr. Robert Goldwyn ("Goldwyn") (collectively "defendants") for lack of personal jurisdiction. The other defendants have not contested jurisdiction. This appeal follows trial court certification of its interlocutory order under rule 54(b) of our rules of civil procedure. We vacate the trial court's order of dismissal as to both ASPRS and Goldwyn and remand for trial on the merits, with an order to postpone any ruling on personal jurisdiction until after plaintiff has presented her case.

Anderson's claims arise out of experimental therapy she received for a disfiguring condition of her face. The therapy consisted of injections of an experimental liquid silicone product into her face. The liquid silicone was produced by Dow Corning Corp. ("Dow") and injected by Dr. Robert Woolf ("Woolf") (both defendants, but not parties to this appeal). Anderson reacted severely to the silicone, became grossly disfigured, and suffered a great deal of pain. She filed suit against Dow, Woolf, and Woolf's professional corporation for damages, alleging various causes of action.

During discovery, Anderson found out that ASPRS was involved with Dow in setting up and running the experimental silicone injection program. She also learned that Goldwyn was the medical monitor in charge of ensuring that each patient admitted to the program fell within the FDA guidelines, was an appropriate subject for the experimental therapy, and received appropriate follow-up care in the event of complications. She found that he also supervised much of the medical record keeping for the program and performed various other functions.

Anderson amended her complaint to include ASPRS and Goldwyn, claiming that she should not have received the experimental therapy because she did not fit the program's patient profile, that ASPRS—with Dow—violated federal drug law, that she did not give informed consent for the therapy because of defendants' and Dow's preparation of a defective informed consent form, and that Goldwyn was negligent in performing his monitoring duties.

Defendants moved to dismiss Anderson's complaint against them for lack of personal jurisdiction pursuant to rule 12(b)(2) of our rules of civil procedure. They argued that their conduct did not fall within the activities listed in Utah's long-arm statute and that they had insufficient contacts with this forum for it to assert jurisdiction compatible with due process requirements.

The trial court ruled on defendants' motion based on the pleadings and documentary evidence, including depositions and affidavits. It concluded that to assert jurisdiction over defendants would offend due process. It did not make any findings of fact, but in light of conflicts in the documentary evidence before it, we conclude that the court necessarily weighed the facts in order to reach its conclusions.

Anderson's allegation that the district court can assert specific personal jurisdiction over ASPRS and Goldwyn under our long-arm statute, Utah Code Ann. § 78-27-24 (1987), requires a two-part inquiry. See, e.g., Bradford v. Nagle, 763 P.2d 791, 793 (Utah 1988). First, do her claims arise from one of the activities listed in the statute? And second, are defendant's contacts with this forum sufficient to satisfy the due process clause of the fourteenth amendment if the trial court exercises jurisdiction? An additional preliminary question is, what burden must a plaintiff bear to show that the trial court has personal jurisdiction over a defendant? We will address the preliminary question first.

In Roskelley & Co. v. Lerco, Inc., 610 P.2d 1307 (Utah 1980), we held that in a pretrial determination of jurisdiction, a plaintiff cannot rely on allegations made in the complaint if the defendant has specifically controverted alleged jurisdictional facts by affidavit. Id. at 1310. However,

we did not answer the question of how to resolve factual disputes—such as conflicts between one witness's deposition and another's affidavit—nor did we decide how to proceed when jurisdiction turns on the same facts as the merits of the case. Both of these problems occur in Anderson's case.

We have not had occasion to address these issues before, but the federal courts have done so. Because our rule 12 is patterned after the corresponding federal rule and because the federal courts routinely apply state long-arm statutes to determine the limits of their own jurisdiction, the federal courts' reasoning is helpful. The following is our synthesis of tenth circuit reasoning on these issues as set forth by five representative cases. *See Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987); *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *Milligan v. Anderson*, 522 F.2d 1202, 1207 (10th Cir.1975); *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir.1965); *Nova Mud Corp. v. Fletcher*, 648 F.Supp. 1123, 1124–25 (D.Utah 1986).

▪ The approach taken by the federal courts is motivated by concern for flexibility, judicial economy, and preservation of substantial rights. In the federal trial court's discretion, under rule 12 it may determine jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing. If it proceeds on documentary evidence alone (i.e., the first two methods), the plaintiff is only required to make a prima facie showing of personal jurisdiction. The plaintiff's factual allegations are accepted as true unless specifically controverted by the defendant's affidavits or by depositions, but any disputes in the documentary evidence are resolved in the plaintiff's favor. The trial court must not weigh the evidence unless a hearing is held.

Unless an evidentiary hearing is held, the plaintiff must prove jurisdiction at trial by a preponderance of the evidence after making a prima facie showing before trial.

When jurisdiction turns on the same facts as the merits of the case, an evidentiary hearing is inappropriate because it infringes on the right to a jury trial and is an inefficient use of judicial resources (hearing the same evidence twice); in such cases—if the plaintiff has made a prima facie showing—jurisdiction is determined by trial on the merits. Pretrial jurisdictional decisions based on documentary evidence are reviewed de novo by the federal appellate courts.

We approve these guidelines as suitable for our trial courts. Applying them to Anderson's case, we hold that she need only have made a prima facie showing that the trial court had personal jurisdiction over defendants in order to proceed to trial on the merits. Because the facts on which personal jurisdiction over defendants is asserted overlap the facts that will determine whether defendants are liable to Anderson, it was proper for the trial court to rule on personal jurisdiction based only on documentary evidence.

The next issue is whether defendants' actions with respect to Anderson fall within the activities enumerated in our long-arm statute. The trial court did not rule on this issue; it based its ruling on due process considerations only. Defendants argue that they did not "caus[e] any injury within this state" as required by the statute in tort and breach of warranty cases. Utah Code Ann. § 78–27–24(3) (1987). Although we often assume the application of the statute—and go straight to the due process issue—because our legislature has directed us to construe it "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution," Utah Code Ann. § 78–27–22 (1987); *see Parry v. Ernst Home Center Corp.*, 779 P.2d 659, 661 (Utah 1989), we do not do so here. Whether defendants caused injury to Anderson is the central question on the merits of her claims. She is entitled to have a jury answer that question if she produces sufficient evidence. *See* Utah Code Ann. §§ 78–21–1, –2 (1987).

Anderson has made a prima facie showing that defendants caused her injuries. She has alleged that she should not have been accepted into the program, and deposition testimony shows that she did not fit the program's patient profile. Other documentary evidence shows that it was Goldwyn's responsibility to make sure that all patients admitted to the program fit the profile. This evidence supports a prima facie case of negligence against Goldwyn and an inference that ASPRS may have been negligent in its supervision of Goldwyn or in preparing guidelines for him. There is documentary evidence that ASPRS participated in the program with Dow as a cosponsor and that both may have violated duties imposed by federal drug law. There is further evidence that ASPRS participated with Dow and Goldwyn in preparing the consent form used by physicians participating in the program. Anderson has alleged that she would not have been injured because she would not have accepted the therapy if the consent form had disclosed the true nature of the risks. The sum of this and other evidence is that Anderson has made a prima facie showing that defendants caused injuries to her in this state.

The last issue is whether defendants have sufficient minimum contacts with this forum to make exercising jurisdiction over them comport with the demands of due process imposed by the fourteenth amendment (neither party briefed state constitutional due process issues). The trial court based its decision on due process, and defendants make their main argument based on due process. Defendants argue, and the trial court ruled, that they lack sufficient contacts with Utah and this litigation to be subject to personal jurisdiction here.

We last reviewed due process requirements for personal jurisdiction in *Parry v. Ernst Home Center.*[1] Our analysis is the same here. Defendants' contacts with Utah must be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

1. Although not relevant to this case, we acknowledge the issues raised about this case by the commentary in Note, *Parry v. Ernst Home*

*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Defendants must have "reasonably anticipate[d] being haled into court" here, *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980), and they must have "purposefully avail[ed]" themselves of the privilege of conducting activities here. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The trial court must also balance "the convenience of the parties" and weigh this forum's interest in asserting jurisdiction. *Mallory Eng'g, Inc. v. Ted R. Brown & Assoc.,* 618 P.2d 1004, 1008 (Utah 1980); *see also Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987).

After reviewing the record in light of the standards articulated above, we hold that Anderson has made a prima facie showing that defendants had sufficient contacts with Utah and this litigation for assertion of personal jurisdiction consistent with due process. Facts supporting this conclusion include the following: ASPRS— (1) its committee selected Salt Lake City as a program site, (2) its committee selected Woolf as a program physician, (3) it assisted in preparing the consent form which it knew would be used in Utah, (4) it (with Dow) selected Goldwyn as monitor of treatment in the program, including anticipated treatment in Utah, (5) it investigated the potential for malpractice claims, including those that might arise in Utah, and (6) it trained Woolf, knowing he would use that training in Utah; Goldwyn—(1) helped draft the consent form, (2) supervised the proper administration of the treatment program in Utah, (3) authorized Anderson's silicone injections, and (4) assumed responsibility to monitor Anderson's treatment and to follow up if there were problems.

*Center Corporation: The "Mauling" of Personal Jurisdiction Theory,* 1990, Utah L.Rev. 479 (authored by Marc Young).

The foregoing facts show purposeful acts with known, significant consequences in Utah. Utah's interest in protecting Anderson from injury is compelling. Balancing all of the competing interests, we hold that it is fair to require defendants to subject themselves to trial in a Utah court for the purpose of determining whether Anderson can prove jurisdiction, and hence liability (namely, that defendants caused her injury and damages).

We vacate dismissal and remand to the trial court for trial on the merits. Because the facts supporting jurisdiction overlap the facts supporting liability, the trial court must allow defendants to renew their motion to dismiss for lack of jurisdiction at the close of Anderson's evidence.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.