**Dennis M. CLEMENTS, Plaintiff,**

**v.**

**TOMBALL FORD, INC., a Texas corporation, and Don Anderson, an individual, Defendants.**

**No. 92–C–715A.**

United States District Court, D. Utah, C.D.

Feb. 4, 1993.

---

3. Nevertheless, the court has in this case specifically addressed most of the arguments advanced

by the parties.

Rex P. Bushman, Salt Lake City, UT, for plaintiff Dennis M. Clements.

C. Richard Henriksen, Henriksen, Henriksen & Call, Salt Lake City, UT, for defendant Tomball Ford, Inc.

Robert J. Schumacher, American Fork, UT, for defendant Don Anderson.

## MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS

ALDON J. ANDERSON, Senior District Judge.

This action is filed pursuant to 15 U.S.C. § 1989(b). That provision provides that a civil action may be filed in a United States district court for violation of federal law prohibiting the changing of an odometer reading on a motor vehicle and/or the misrepresentation of the miles driven of a motor vehicle in disclosure statements required at the time of motor vehicle sales. 15 U.S.C. § 1981 *et seq.*

### I. *Background.*

Plaintiff, Dennis M. Clements ("Clements"), asserts in his complaint that he purchased a 1988 Ford F250 Lariet Pick Up Truck (hereafter "Truck") from defendant Don Anderson ("Anderson") in Salt Lake County, Utah, on or about April 16, 1992. As part of that transaction, Anderson provided to Clements an Odometer Disclosure Statement representing that the Truck had been driven no more than 42,600 miles. This was not correct. In fact, the Truck had been driven in excess of 99,999 miles. If Anderson was aware of that fact, or had reason to suspect that the odometer reading was incorrect, then he may be liable under 15 U.S.C. § 1981 *et seq. See Nieto v. Pence,* 578 F.2d 640 (5th Cir.1978).

Anderson purchased the Truck from Rushing Auto Sales ("Rushing"), a Texas auto dealer, which, in turn, purchased the Truck, apparently for Anderson, from USA Auto Brokers ("USA Auto"), a Texas auto broker. Neither Rushing nor USA Auto are parties to this action.

USA Auto purchased the Truck from defendant Tomball Ford, Inc. ("Tomball"), a Texas auto dealer located in Tomball, Texas. Tomball had purchased the Truck from Perry Mears, Jr. According to Clements' Complaint, Tomball was informed by Mears that the Truck had been driven in excess of 99,999 miles, but failed to disclose the same to USA Auto.

### II. *Motions to Dismiss.*

Tomball asks this Court, pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Clements' Complaint because this Court lacks personal jurisdiction over Tomball. In that regard, Tomball argues that 15 U.S.C. § 1989(b) merely provides subject matter jurisdiction to the court, and that personal jurisdiction only exists if Tomball has maintained sufficient minimum contacts with the State of Utah to fall within the reach of Utah's Long–Arm Statute, Utah Code Annot. § 78–27–22, and sufficient contacts that a claim of personal jurisdiction will not run afoul of the due process clause of the 14th Amendment of the United States Constitution. Tomball notes, in the form of an affidavit from its general sales manager, Ray Timez, that Tomball has no contacts with Utah, either by way of direct used vehicle sales to Utah customers or as a result of selling used vehicles to commercial auto brokers that have done business within the State of Utah. Tomball has also asked this court to dismiss the cross-claim of co-defendant Anderson for the same reason, i.e., lack of personal jurisdiction.

Clements filed a memorandum opposing the motion to dismiss. Anderson joined in that memorandum. Clements argues that Utah, and consequently this Court, has personal jurisdiction over Tomball because Tomball's tampering with the odometer of the Truck subjected it to the Utah Long–Arm Statute, and because Tomball "set in motion an injury ... that [might] have happened anywhere." Opposition Memorandum at p. 6. Clements does not present any evidence, however, that rebuts the affidavit of Timez that Tomball had no direct contacts with the State of Utah. For example, Clements fails to present any evidence that Tomball, unlike USA Auto and Rushing, had any idea that the Truck might be sold to a Utah customer.

Having considered the matter, the Court believes that it does not have personal jurisdiction over defendant Tomball Ford. The motions to dismiss must, therefore, be granted.

## III. *Discussion.*

■ 15 U.S.C. § 1989(b) does not provide this Court with personal jurisdiction over non-resident defendants. Rather, the statute merely provides this Court with subject matter jurisdiction. *Levine v. MacNeil*, 428 F.Supp. 675 (D.Mass.1977). Consequently, the determination of whether or not the Court has personal jurisdiction over Tomball is dependent upon the laws of the State of Utah and the requirements of the United States Constitution. *See Fidelity and Casualty Co. v. Philadelphia Resins Corp.*, 766 F.2d 440, 442 (10th Cir.1985).

■ In reviewing the jurisdictional issue, Clements argues that he need only make out a prima facie case for personal jurisdiction to defeat Tomball's motion. In that regard, Clements cites the Utah Supreme Court decision of *Anderson v. American Society of Plastic and Reconstructive Surgeons*, 807 P.2d 825, 827 (Utah 1990) to the effect that:

> plaintiff is only required to make a prima facie showing of personal jurisdiction, and plaintiff's factual allegations are true unless specifically controverted by the defendant's affidavits or by depositions, and any disputes in the documentary evidence are resolved in plaintiff's favor.

*Id.* at 827.

■ What Clements fails to note, however, is that the foregoing rule only applies where contradictory affidavits exist, and the jurisdictional issue is presented to the court on documentary evidence. *Id.* Where a defendant has specifically rebutted a complaint's jurisdictional allegations by affidavit, plaintiff cannot rely on those allegations, but must submit his own affidavits, depositions etc. *See Roskelley & Co. v. Lerco, Inc.*, 610 P.2d 1307, 1310 (Utah 1980).

### A. The Utah Long–Arm Statute.

■ The Utah Long–Arm Statute, Utah Code Ann. § 78–27–24 (1992) provides:

> Any person, notwithstanding Section 16–10–102, whether or not a citizen or resident of this state, who in person or

through an agent does any of the following enumerated acts, submits himself, and if and individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising from: * * * (3) the causing of any injury within this state whether tortious or by breach of warranty.

Clements argues that Tomball caused an injury in Utah as a result of its intentional misrepresentation of the mileage which had been driven by the Truck. Fraud and intentional misrepresentation are tortious in nature. Consequently, this Court believes the requirements of the Utah Long–Arm Statue are met. This is especially true in light of the Utah Supreme Court's injunction to apply the provisions of the Long–Arm Statute so as "assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution." *Synergetics v. Marathon Ranching Co., Ltd.*, 701 P.2d 1106 (Utah 1985).

### B. The Due Process Clause.

Having determined that the requirements of the Utah Long–Arm Statute are met, this Court must determine if the exercising of personal jurisdiction over Tomball would violate the due process requirements of the Fourteenth Amendment of the United States Constitution. In that regard, the United States Supreme Court has held that courts can only exercise personal jurisdiction over a nonresident if that nonresident has sufficient minimum contacts with the forum state such that "traditional notions of fair play and substantial justice" are not violated. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ In discussing the concept of "minimum contacts," the courts have noted that the quantity of contacts is not as important as the quality of the contacts. *Id.* at 319, 66 S.Ct. at 159–60. Thus, personal jurisdiction can exist over a non-resident defendant even if that defendant only has a minimal contact with the forum state, so long as the suit arises from that contact. See *Fidelity and Casualty Co. v. Philadelphia Resins*

*Corp.,* 766 F.2d 440, 444 (10th Cir.1985), quoting *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). At the same time, the contact must be sufficient to show that the non-resident defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Fidelity and Casualty* at 445, quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

■ Applying the foregoing standard to the facts of this case, it is apparent that this Court cannot assert personal jurisdiction over Tomball. In that regard, the unrebutted affidavit of Tomball's general sales manager indicates that Tomball had sold the Truck to USA Auto, a Texas auto broker, which, to the best of Tomball's knowledge, did not do business within the State of Utah. In addition, Tomball has apparently not sold used vehicles within Utah, and has not dealt with Utah customers. In short, Tomball has not "purposefully avail[ed] itself of conducting activities within [Utah]." *Id.*

In reaching this decision, the Court is mindful of Clements' arguments that personal jurisdiction exists over Tomball. In that regard, Clements argues that Tomball set in motion an injury that could have occurred anywhere. *See* Opposition Memorandum at 6. Clements also argues that the assertion of personal jurisdiction over Tomball is necessary to enforce plaintiff's rights under 15 U.S.C. § 1981 *et seq. Id.*

■ It is not enough to merely allege that a defendant has set in motion a series of events that results in an injury in the forum state. If that were the case, the limitations of the Fourteenth Amendment would have no meaning. Any plaintiff could argue that a defendant subjected itself to the personal jurisdiction of a court by simply noting that the defendant's acts contributed to an injury in the forum state, regardless of whether or not the defendant could have reasonably foreseen the consequences of his actions in the forum state. This is unacceptable. At minimum, the Fourteenth Amendment requires that a defendant be able to foresee the possibility of his actions affecting the forum state. Further, mere "foreseeability," without more, is not sufficient to subject a non-resident defendant to personal jurisdiction of a forum state.

In *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), plaintiffs argued that the courts of Oklahoma had jurisdiction over a New York auto dealer, because the vehicle sold by the dealer to plaintiffs in New York was involved in an accident in Oklahoma. Plaintiffs argued that because the vehicle was mobile it was reasonable to assume that defendant dealer could have foreseen that it might be involved in an accident in a state other than New York. The United States Supreme Court rejected the argument.

"[F]oreseeability" alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. In *Hanson v. Denckla, supra,* it was no doubt foreseeable that the settlor of a Delaware trust would subsequently move to Florida and seek to exercise a power of appointment there; yet we held that Florida courts could not constitutionally exercise jurisdiction over a Delaware trustee that had no other contacts with the forum State.

\*   \*   \*   \*   \*   \*

This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

*World–Wide Volkswagen Corp.,* at 295–97, 100 S.Ct. at 566–67.

■ Clements' second argument, that jurisdiction should be asserted in order to protect his rights under 15 U.S.C. § 1981 *et seq.,* also fails to overcome the restrictions of the Fourteenth Amendment. The Due Process Clause of that amendment exists

to ensure that defendants are not haled into forums where they have no contacts. Consequently, even if a statute gives a right to a plaintiff, that right may only be enforced, under the Due Process Clause, in those forums where a defendant can reasonably predict that his or her conduct will impact. *See World–Wide Volkswagen Corp.*, at 297, 100 S.Ct. at 567:

> The Due Process Clause, by ensuring the "orderly administration of the laws," *International Shoe v. Washington*, 326 U.S., at 319 [66 S.Ct., at 160], gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

■ Because of the Due Process Clause of the Fourteenth Amendment, a potential defendant should be able to structure his or her conduct to avoid being forced to litigate in a foreign forum. For example, in this case it appears from the record that Tomball did not engage in any business within Utah or involving Utah citizens. The fact that independent third-parties, USA Auto and Rushing, may have engaged in business within Utah does not subject Tomball to personal jurisdiction. See *Fidelity and Casualty Co v. Philadelphia Resins Corp.*, 766 F.2d 440, 446 (10th Cir. 1985) (emphasis added):

> If a defendant's product comes into the forum state as a result of a deliberate, although perhaps indirect, effort of the defendant to serve the forum state's market, then that defendant is subject to jurisdiction there. Placing one's product into the "stream of commerce" *with the expectation of distribution into particular areas is the classic example of such an indirect effort. If, however, the defendant's product comes into the forum state as the result of the actions of an unconnected third party or of fortuitous events over which the defendant has no control, then the defendant is not subject to jurisdiction in the forum state.* The distinction ... is really no more than a refinement of the "purpose-

fully availing" test of *Hanson v. Denckla, supra.*

### IV. *Conclusion.*

No evidence exists that Tomball purposefully availed itself of the benefits of doing business in Utah. The unrebutted affidavit of Tomball's general sales manager indicates that Tomball had no contacts with Utah. Under the Due Process Clause of the Fourteenth Amendment, this Court does not have personal jurisdiction over Tomball. The Motions to Dismiss are, therefore, granted.

IT IS SO ORDERED.