1999 UT 50

**STARWAYS, INC., Plaintiff and Appellee,**

v.

**Wesley D. CURRY and Bobbi Chase, aka Roberta A Chase, dba Curry & Chase Marketing, Defendants and Appellants.**

No. 980025.

Supreme Court of Utah.

May 18, 1999.

Allen K. Davis, Christopher Crump, Salem, for Appellee.

David N. Mortensen, Brent D. Young, Provo, for Appellants.

DURHAM, Associate Chief Justice:

¶ 1 This case comes to us on interlocutory appeal. Defendants, Roberta A. Chase and Wesley D. Curry, appeal the district court's denial of their motion to dismiss for lack of personal jurisdiction. The issues presented are whether the court erred in holding that (1) the plaintiff, Starways, Inc. ("Starways"), made a prima facie showing that defendants have had sufficient contacts with the State of Utah to justify the state's imposition of personal jurisdiction over them under Utah Code Ann. § 78–27–24 and (2) such an imposition comports with due process under the Fourteenth Amendment of the United States Constitution. We affirm.

¶ 2 Where, as here, "a pretrial jurisdictional decision has been made on documentary evidence only, an appeal from that decision presents only legal questions that are reviewed for correctness." *Arguello v. Industrial Woodworking Mach.*, 838 P.2d 1120, 1121 (Utah 1992) (citing *Anderson v. American Soc'y of Plastic & Reconstructive Surgeons*, 807 P.2d 825, 827 (Utah 1990)).

¶ 3 In this matter, the facts are taken from Starways' unverified complaint as well as affidavits filed by defendants.[1] Accordingly,

---

1. The text of Chase's and Curry's affidavits (which are identical in substance) are restated here in full:

　　1. I am a defendant in the above-entitled case.

2. I am a resident of the State of California and have never been a resident of the State of Utah.

the allegations asserted in the complaint are considered true only insofar as they are not specifically contradicted by the affidavits. *See id.; Anderson,* 807 P.2d at 827.

¶ 4 Starways is a Nevada corporation with its principal place of business located in Utah. Defendants are residents of California where they do business as Curry & Chase Marketing. Starways' complaint asserts causes of action for libel and intentional interference with existing and prospective business advantage. Starways alleges that these claims arise out of defamatory communications made by defendants "both in personal conversations and in nationally broadcast facsimile transmissions." Starways further alleges that "[t]he acts giving rise to [these] cause[s] of action occurred in the State of Utah, as well as many other states simultaneously."

■■ ¶ 5 Both defendants deny that they individually transmitted facsimiles into Utah. The court below, however, properly focused on what Chase and Curry failed to establish in their affidavits. Neither Chase nor Curry stated that they did not ·*cause* facsimile transmissions to be sent into Utah. Moreover, nowhere in the affidavits can be found a denial of the complaint's allegation that the defendants made defamatory statements "in personal conversations" with persons located in Utah. In the absence of such specific denials, we agree with the district court's conclusion that the defendants failed to contradict Starways' allegations of personal jurisdictional. *See Anderson,* 807 P.2d at 827 ("The plaintiff's factual allegations are accepted as true unless specifically controverted.").

¶ 6 The question that remains, then, is whether Starways' uncontroverted allegations are sufficient to support specific personal jurisdiction over these nonresident defendants. In making such a determination,

we must consider two factors. First, we must determine whether Utah's long-arm statute encompasses the acts alleged in the complaint. Second, if we conclude that the alleged acts come within the long-arm statute's reach, we must consider whether the exercise of personal jurisdiction over defendants comports with the due process requirements of the Fourteenth Amendment of the United States Constitution.

■ ¶ 7 The relevant portion of the Utah long-arm statute provides:

Any person ... whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself [or herself] ... to the jurisdiction of the courts of this state as to any claim arising from ...

(3) the causing of any injury within this state whether tortious or by breach of warranty.

Utah Code Ann. § 78–27–24 (1996). We have held that the Utah long-arm statute "must be extended to the fullest extent allowed by due process of law." *Synergetics v. Marathon Ranching Co. Ltd.,* 701 P.2d 1106, 1110 (Utah 1985). The undisputed portions of Starways' complaint allege that the defendants committed tortious acts in Utah by making defamatory remarks to persons in Utah and by causing libelous facsimiles to be sent into Utah. Accordingly, we conclude that subparagraph (3) of the long-arm statute encompasses the defendants' acts as alleged by the uncontroverted portions of Starways' complaint.

¶ 8 We next consider whether holding the defendants subject to this state's jurisdiction accords with due process. To sustain the exercise of personal jurisdiction over a nonresident defendant, the nonresident defen-

---

3. I have no business contacts in Utah, nor have I ever done any business in the State of Utah.

4. I am involved in marketing. I deal with distributors.

5. None of the distributors with whom I have worked, and who I have sponsored are located in the State of Utah, nor have they ever been, to my knowledge, located in Utah.

6. I understand there is a particular individual, Brian Wood, who lives in Canada.

Apparently[,] he wrote an article entitled "Renewed Sense of Optimism" which I understand was transmitted by facsimile to Australia. In Australia it was put on the Internet.

7. I believe this article forms the basis of the plaintiff's Complaint.

8. The article in question was faxed from California to 15 individuals, none of whom were in Utah.

9. I did not transmit any communication by facsimile into the State of Utah.

dant must have had "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citation omitted) (quoted in *Synergetics*, 701 P.2d at 1110). To determine whether a nonresident defendant has had sufficient minimum contacts with the forum state to justify the imposition of personal jurisdiction over him or her, we look to "the relationship of the defendant, the forum, and the litigation to each other." *Parry v. Ernst Home Center Corp.*, 779 P.2d 659, 662 (Utah 1989). Proper inquiry must focus not on the mere quantity of contacts, but "rather upon the quality and nature" of the contacts as they relate to the claims asserted. *International Shoe*, 326 U.S. at 319, 66 S.Ct. 154.

■ ¶ 9 In the present case, defendants "are not charged with mere untargeted negligence." *Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Rather, the uncontroverted allegations are that defendants intentionally published defamatory statements to persons in Utah, impugning Starways' business, which is located in Utah. As here, "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum, the [United States Supreme Court] has said that a 'relationship among the defendant, the forum, and the litigation,' is the essential foundation of *in personam* jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)).

¶ 10 In the defamation context, the United States Supreme Court has upheld the extension of personal jurisdiction over nonresident defendants arising out of contacts that were more attenuated than those in the present case. *See Calder*, 465 U.S. at 783, 104 S.Ct. 1482. In *Calder*, a California resident

brought a libel action in California state court against two employees of a national magazine who were residents of Florida. The magazine was sold in California, as in all other states, through a regular distribution network. The Supreme Court affirmed the finding of personal jurisdiction and noted that "jurisdiction over [the Florida residents] in California is proper because of their intentional conduct in Florida calculated to cause injury to [the plaintiff] in California." *Id.* at 791, 104 S.Ct. 1482. We believe *Calder* is dispositive on the question of minimum contacts.[2] *See also Burt v. Board of Regents of Univ. of Neb.*, 757 F.2d 242 (10th Cir.1985) (holding that a single defamatory letter mailed into the forum state by a defendant was sufficient to satisfy the minimum contacts prong of the due process test), *cert. granted sub. nom. Connolly v. Burt*, 474 U.S. 1004, 106 S.Ct. 521, 88 L.Ed.2d 454 (1985), *cert. vacated on grounds of mootness*, 475 U.S. 1063, 106 S.Ct. 1372, 89 L.Ed.2d 599 (1986).

■ ¶ 11 Under the facts as pleaded, we cannot see how the interests of "fair play and substantial justice" will be compromised if defendants are brought before a Utah court to answer for their actions. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Defendants have failed to meet that burden.

¶ 12 We conclude that Starways has made a prima facie showing that defendants caused tortious injury in this state; that defendants have sufficient contacts with this state to justify the imposition of personal jurisdiction over them; and that the exercise of personal jurisdiction over the defendants by the State

---

**2.** The trial court did not view *Calder* as dispositive because Starways' complaint failed to allege that defendants' tortious acts were designed with the purpose of damaging Starways' business in Utah. However, Starways has alleged that the defendants' defamatory statements made or transmitted into Utah by defendants included statements alleging that Starways was being sued for over one billion dollars and that the contracts Starways has with its carrier and suppliers are illegal. Such statements would naturally and necessarily cause harm to Starways, a Utah-based business, in Utah.

of Utah accords with the requirements of due process.[3]

¶ 13 Finally, we conclude that the other arguments advanced by defendants either lack legal merit or were inadequately preserved below. Accordingly, the district court's decision is affirmed.

¶ 14 Chief Justice HOWE, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Associate Chief Justice DURHAM'S opinion.

3. We note that it may ultimately become clear that defendants did not cause defamatory facsimiles to be transmitted into Utah but did send them elsewhere and that it was reasonably forseeable that a copy would end up in Utah. Such an attenuated nexus would not be sufficient, standing alone, to justify the imposition of personal jurisdiction over the defendants. *See Calder*, 465 U.S. at 789, 104 S.Ct. 1482 ("The mere fact that [a defendant] can 'foresee' that [a defamatory article] will be circulated and have an effect in [a state] is not sufficient for an assertion of jurisdiction").