# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2024-0087, <u>Edward Farley v. Ubiratan Marinho, Jr. & a.</u>, the court on October 11, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Edward Farley, appeals an order of the Superior Court (<u>Ruoff</u>, J.) denying his motion to amend his complaint against the defendants, Ubiratan Marinho, Jr. and Prime Auto Center, LLC (Prime Auto). In denying the motion, the trial court reasoned that the plaintiff's proposed amendment did not cure defects identified in its earlier dismissal of the plaintiff's complaint for lack of personal jurisdiction. We affirm.

Whether to allow an amendment to a complaint is a matter resting within the trial court's sound discretion, and we will not disturb a decision to deny a motion to amend absent an unsustainable exercise of discretion. <u>See</u> <u>New London Hosp. Ass'n v. Town of Newport</u>, 174 N.H. 68, 76 (2021). Although trial courts generally should allow liberal amendment of pleadings to correct purely technical defects, the court may deny a motion to amend when the proposed amendment would not cure a deficiency identified in the original complaint. <u>See</u> <u>id</u>. at 75-76. When reviewing whether the trial court sustainably exercised its discretion, we examine whether the record establishes an objective basis sufficient to sustain its discretionary judgment. <u>See</u> <u>id</u>. at 76.

In this case, the plaintiff, a New Hampshire resident, sued Prime Auto, a Florida limited liability company with an address in Florida, and Marinho, Prime Auto's member and agent with addresses in Florida, Connecticut, and Maryland. The plaintiff alleged that (1) he purchased a car from the defendants over the internet; (2) the defendants "deceptively advertised" the car in an on-line advertisement; (3) the defendants shipped the car to the plaintiff through "their carrier"; (4) following his purchase, the plaintiff expended $13,290.29 to repair the car; and (5) although Prime Auto initially "agree[d] to restore [the] vehicle to [its] advertised condition," the defendants subsequently failed to do so. The plaintiff sought treble damages pursuant to the New Hampshire Consumer Protection Act. <u>See</u> RSA 358-A:10, I (2022).

The defendants moved to dismiss, asserting, in part, that the trial court lacked personal jurisdiction. In granting the motion, the trial court analyzed whether the plaintiff had established that the defendants maintained sufficient contacts with New Hampshire to constitutionally justify its exercise of "specific"

personal jurisdiction.  See, e.g. Red Oak Apartment Homes v. Holmes Carpet Ctr., 173 N.H. 529, 533 (2020).  The court concluded that the plaintiff did not demonstrate that the defendants purposely availed themselves of the protection of New Hampshire's laws such that the exercise of jurisdiction over them was foreseeable.  See id. at 533-34.

The trial court gave the plaintiff thirty days from its September 25, 2023, notice of decision within which to seek to amend the complaint to cure the deficiencies it had identified, noting that any motion to reconsider would not toll the thirty-day deadline.  See ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993).  The plaintiff filed a motion to amend the complaint on October 27, 2023, two days following expiration of the thirty-day amendment deadline.  On December 18, 2023, the trial court denied the motion to amend, ruling,

> Upon review of the facts plead[ed] in this Amended Complaint, the core facts concerning "minimal contacts" remain unchanged.  A one-time online purchase and sale transaction is not sufficient, or reasonable, to vest the Court with personal jurisdiction over the defendants.  Although the plaintiff asserts some limited exchanges with the defendants about servicing or repairing the car — that is not enough to establish personal jurisdiction over Florida defendants.

Following the denial of his timely motion to reconsider this order, the plaintiff filed the present appeal, identifying the denial of the motions to amend the complaint and to reconsider as the decisions he is appealing.

On appeal, the plaintiff argues that the trial court erred by not addressing whether the exercise of personal jurisdiction was consistent with New Hampshire's long arm statute.  The plaintiff further argues that the trial court erred by focusing upon the quantity of the defendants' contacts with New Hampshire only, and not upon their quality.  According to the plaintiff, the facts of this case are "nearly identical" to the facts in Lee v. Frank's Garage & Used Cars, Inc., 97 P.3d 717 (Utah Ct. App. 2004), and thus, the plaintiff contends that the trial court erred by concluding that it lacked specific personal jurisdiction in denying the motion to amend.  We disagree.

At the outset, we emphasize that the only decisions from which the plaintiff has timely appealed are the trial court's orders denying his untimely motion to amend and his motion to reconsider that decision.  Indeed, because the plaintiff failed to timely move to amend his complaint, and because the trial court did not waive the untimeliness of his motion to amend within the appeal period of Rule 7, the motion to amend did not stay the running of the appeal period, resulting in the dismissal order becoming a final decision on the merits for purposes of Supreme Court Rule 7.  See Sup. Ct. R. 7(1)(C) (stating that untimely post-decision motion does not stay running of 30-day appeal period

unless trial court waives untimeliness within appeal period, and that absent a waiver of untimeliness within appeal period, the trial court's ruling on untimely post-decision motion does not extend appeal period); Germain v. Germain, 137 N.H. 82, 84-85 (1993) (limiting appeal to decision denying untimely motion to reconsider and dismissing appeal as to earlier decision on the merits, because appealing party neither timely moved to reconsider nor timely appealed the final decision on the merits). Accordingly, the merits of the dismissal order are not properly before us.

We reject the plaintiff's argument that the trial court erred by not addressing whether the exercise of jurisdiction was consistent with New Hampshire's long arm statute in denying the motion to amend. In its original dismissal order, the trial court correctly observed that New Hampshire's long arm statute authorizes the exercise of personal jurisdiction to the maximum extent permitted under the Federal Due Process Clause, and thus, a due process analysis is ordinarily determinative of a personal jurisdiction question in New Hampshire. See Red Oak Apartment Homes, 173 N.H. at 533. Here, the jurisdictional defect identified in the original complaint was the failure to establish that the defendants had sufficient contacts with New Hampshire to demonstrate that they purposely availed themselves of the protection of New Hampshire's laws. This is a component of the due process analysis for specific personal jurisdiction. See id. at 533-34. Accordingly, the trial court did not err by failing to address whether the exercise of jurisdiction complied with the long arm statute when it denied the motion to amend the complaint.

Nor did the trial court focus solely upon the quantity of the defendants' contacts with New Hampshire. In its dismissal order, the trial court emphasized that the defendants' only contacts with New Hampshire established in the original complaint failed to demonstrate purposeful availment. In denying the motion to amend, the trial court correctly observed that the primary facts in the amended complaint regarding the defendants' contacts with New Hampshire remained unchanged. The trial court further acknowledged that the plaintiff had added new allegations regarding his communications with the defendants, but determined that the substance of the allegations did not establish personal jurisdiction. We conclude that the trial court, in denying the motion to amend the complaint, did not focus solely upon the quantity of the defendants' contacts with New Hampshire and ignore their quality.

Finally, we reject the plaintiff's argument that Lee v. Frank's Garage & Used Cars, Inc. compelled a different result. It was the plaintiff's burden to offer evidence that, if credited, would support a finding that the defendants purposely availed themselves of the protection of New Hampshire's laws such that the exercise of jurisdiction over them in New Hampshire was foreseeable. See Red Oak Apartment Homes, 173 N.H. at 533-34. Having reviewed the Lee court's analysis of the facts specifically pleaded in that case relative to

3

purposeful availment and the facts pleaded in the plaintiff's proposed amended complaint, we conclude that the plaintiff did not carry this burden with respect to the new allegations in his amended complaint. Accordingly, the trial court sustainably exercised its discretion when it denied the motion to amend. See New London Hosp. Ass'n, 174 N.H. at 75-76.

The remaining arguments in the plaintiff's brief either are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**