**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN GREER,

    Plaintiff-Appellant,

v.

SAFEWAY; STEVE BURD, Safeway
CEO; RICHARD LYDING, Safeway
Attorney; RICHARD FALCONE,
Safeway Attorney; STATE OF
CALIFORNIA, by breach of
obligations to regulate background-
check-companies; CARRIE NEVANS,
Administrator, Division of Workers
Compensation; OAKLAND
WORKERS COMPENSATION
APPEALS BOARD, "WCAB";
CLERK OF THE WCAB; JAMES
ROBBINS, WCAB Attorney; JOHN
DEVINE, State Deputy Attorney
General,

    Defendants-Appellees.

No. 09-4007

(D. of Utah)

(D.C. No.08-CV-872-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge

(continued...)

Brian Greer, proceeding pro se,[1] appeals the district court's dismissal of his breach of contract and civil rights claims against a variety of defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

In late 2008, Greer, a resident of California, filed suit in the United States District Court for the District of Utah against Safeway, the State of California, the Oakland Workers Compensation Appeals Board (OWCAB), unnamed background check companies, and related individual defendants (collectively Defendants). In his breach of contract and civil rights claims, Greer alleged that OWCAB disclosed his confidential employment and medical history information to Safeway; that Safeway wrongfully disclosed that information to various background check companies, thereby making it difficult for Greer to find employment; that the State of California failed to adequately regulate OWCAB and the background check companies; and that Defendants colluded to prevent him from obtaining employment. He further claimed Defendants and the California state courts conspired to prevent him from seeking legal redress.

---

[**](...continued)
panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Greer proceeds pro se, we liberally construe his pleadings. *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

The district court dismissed all of Greer's claims and denied his motions for a permanent injunction and for arbitration. Because Greer proceeded pro se, the district court noted that provisions of 28 U.S.C. § 1915—permitting the court to dismiss the case if it finds the complaint is frivolous or fails to state a claim for relief—were applicable. In particular, the court determined Greer had failed to provide sufficient grounds for personal jurisdiction over Defendants and had failed to establish that venue was proper in Utah.

Greer timely appealed.

## II. Analysis

Greer contends the district court erred in dismissing his complaint. Specifically, he maintains the district court should have held a hearing before dismissing the complaint, failed to presume his allegations as true in analyzing personal jurisdiction and venue, and was biased.

We review the district court's dismissal of a complaint under § 1915(e)(2)(B)(ii) de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).[2] Such a dismissal is proper only where it is obvious the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Id.* "[W]e must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be

_____

[2] We have read § 1915(e)(2) to authorize a district court's sua sponte dismissal of claims for lack of personal jurisdiction. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

drawn from them, in the light most favorable to the plaintiff." *Id.* (quotation omitted). Further, although "we must construe a pro se appellant's complaint liberally[,] . . . [t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and quotations omitted).

Greer asserted diversity as a basis for the federal court's subject-matter jurisdiction over his complaint. However, to obtain personal jurisdiction over nonresident defendants in a diversity action, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005) (quotation omitted). "The evaluation of specific jurisdiction in Utah mandates a three-part inquiry: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process." *Id.* (quoting *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1297 (10th Cir. 1999)) (brackets omitted).

Because Utah's long-arm statute is co-extensive with federal due process limits, we focus our review on whether subjecting Defendants to suit in Utah

comports with due process.[3]  The federal due process analysis of a court's

exercise of personal jurisdiction is a two-step inquiry.  *Id.*  First, we must

determine whether sufficient minimum contacts exist between the defendant and

the forum state.  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *Pro

Axess*, 428 F.3d at 1276 ("[W]e consider whether 'the defendant's conduct and

connection with the forum State are such that he should reasonably anticipate

being haled into court there.'" (quotation omitted)).  "The minimum contacts

necessary for specific personal jurisdiction may be established where the

defendant has 'purposefully directed' its activities toward the forum jurisdiction

and where the underlying action is based upon activities that arise out of or relate

to the defendant's contacts with the forum."  *Trujillo*, 465 F.3d at 1218 (internal

quotation marks omitted).

As to the second step, "if the defendant's actions create sufficient minimum

contacts, we must then consider whether the exercise of personal jurisdiction over

the defendant offends traditional notions of fair play and substantial justice."  *Pro

Axess*, 428 F.3d at 1276–77 (quotation omitted).

---

[3]  The Utah long-arm statute expressly provides that courts should "assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78B-3-201(3) (2008); *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999) (stating that the "Utah long-arm statute must be extended to the fullest extent allowed by due process of law").

We conclude based on our independent review of the record, and for substantially the same reasons given by the district court in its opinion, Greer has failed to demonstrate that the United States District Court for the District of Utah has personal jurisdiction over Defendants. In his complaint, Greer failed to allege *any* of the Defendants purposefully directed their activities towards Utah. Further, Greer's complaint is devoid of any allegations that he attempted to find employment in Utah and that he was somehow impeded by Defendants' activities in that forum. Accordingly, Greer has failed to show that any of the Defendants has sufficient minimum contacts with Utah "such that they should reasonably anticipate being haled into court there." *See id.* at 1276.

On appeal, Greer—for the first time—asserts he has sought employment in Utah and has allegedly been rebuffed due to the purported actions of the Defendants. Generally, we do not consider arguments raised for the first time on appeal. *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1051 (10th Cir. 2008).

But even if we were to consider Greer's new allegations, he has failed to specifically allege how each Defendant is responsible for his injuries. He *might* have a claim against a national employment screening company doing business in Utah, yet none is named in the complaint.

And even if personal jurisdiction could be established, venue in Utah would not be proper. Under 28 U.S.C. § 1391(a), in a diversity action venue is

-6-

proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  As the district court noted, Greer does not allege any of the Defendants are residents of Utah, nor does a substantial part of the alleged civil rights and contract violations by the Defendants arise in Utah.

Finally, we perceive no merit to the claim that the district court was biased.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Greer's claims.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge